UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23949-ALTMAN/Reid

AMOS CAMILLE,

    *Movant*,

v.

MIAMI-DADE COUNTY, MDCR,

    *Respondent.*
_____/

## **ORDER**

    Our Movant, Amos Camille, is seeking to appeal, *see* Notice of Appeal [ECF No. 16], our November 7, 2023, Order dismissing his case without prejudice "for failure to comply with Court orders," Order Dismissing Case Without Prejudice for Failure to Comply with Court Orders [ECF No. 9] (the "Dismissal Order") at 2. The U.S. Court of Appeals for the Eleventh Circuit construed Camille's notice of appeal, which he filed on September 17, 2024, "as a motion to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6)" and remanded the case back to us "for the limited purpose of determining whether such relief is warranted." Limited Remand Order [ECF No. 24] at 2. Because the record didn't give us enough information to rule on this issue conclusively, we ordered the Respondent, Miami-Dade County, MDCR, to show cause "why Camille's Rule 4(a)(6) Motion should not be granted." Order to Show Cause [ECF No. 25] at 3.

    Specifically, we weren't sure "when Camille [was] saying he received notice of . . . the Order Dismissing Case Without Prejudice for Failure to Comply with Court Orders." *Id.* at 2. That's because, as we said, Camille said "two seemingly different things about this." *Ibid.* On the one hand, Camille said that "[n]o signed Order by the courts nor judge were presented until 11/08/2023." Notice of Appeal ¶ 2. On the other, he's claimed that he "learned of Order through court dockets after the

facts." *Ibid.* We were also unsure "*when* (or if) he moved [to a new residence]," which "is problematic for Camille because the Eleventh Circuit has held that a Rule 4(a)(6) motion may be denied 'if a party fails to keep the clerk's office informed of a change in address which causes a delay.'" Order to Show Cause at 2 (quoting *Odukoya v. Reese*, 181 F. App'x 917, 919 (11th Cir. 2006)). MDCR filed its Response on February 26, 2025. *See* Response to Order to Show Cause (the "Response") [ECF No. 27].

We allowed Camille to file a reply "within **ten days** from the day on which the Response is filed." Order to Show Cause at 3. Because MDCR filed its Response on February 26, 2025, Camille had until March 10, 2025, to file a reply. That deadline passed over two months ago, and Camille has filed nothing in opposition. *See generally* Docket. That said, in his case before the Eleventh Circuit, Camille filed what he appears to have intended as a reply to our Order to Show Cause. *See* No Actions/Deficiency Notice, *Amos Camille v. Miami-Dade County, MDCR*, No. 24-13055 (11th Cir. Feb. 25, 2025), ECF No. 16-1 at 1 ("Notice of receipt: Response To District Court and Limited Remand Disposition as to Appellant Amos Camille. NO ACTION WILL BE TAKEN Appears to be intended for the District Court." (referencing Response to District Court and Limited Remand Disposition, *Amos Camille v. Miami-Dade County, MDCR*, No. 24-13055 (11th Cir. Feb. 25, 2025), ECF No. 16-2 at 1)). As the Eleventh Circuit explained to Camille, "[f]or mistaken filings, to have your document considered, **you must file the document in the correct court**." *Ibid.* Despite receiving this admonition from the Eleventh Circuit *almost three months ago*, Camille has still filed nothing here. Instead, he filed *another* document in the Eleventh Circuit, asking *that court* to "grant this response and rectify this case, so that the initial appeal moves forth." Response to United States Court of Appeals Follow-Up Disposition, *Amos Camille v. Miami-Dade County, MDCR*, No. 24-13055 (11th Cir. Mar. 24,

2025), ECF No. 17 at 1. Since Camille has filed no reply with us, we'll rely only on Camille's motion and MDCR's opposition.[1]

## THE LAW

Federal Rule of Appellate Procedure 4(a)(6) allows district courts to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," but only if the court finds that (1) "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry"; (2) the motion to reopen "is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*"; and (3) "no party would be prejudiced." FED. R. APP. P. 4(a)(6). Even when the movant meets all three conditions, however, "the district court may, in its discretion, deny a motion to reopen." *Watkins v. Plantation Police Dep't*, 733 F. App'x 991, 995 (11th Cir. 2018).

## ANALYSIS

In MDCR's view, while "it is difficult to discern when Camille first received notice" of the Dismissal Order, "the record irrefutably demonstrates that Camille received [the Dismissal Order] by June 11, 2024." Response at 2–3. So, MDCR says, because Camille filed his motion to reopen (which he's called his Notice of Appeal) on September 17, 2024—long *after* the expiration of Rule 4(a)(6)'s "fourteen day[ ]" deadline to file a motion to reopen—"his appeal is untimely, and he is ineligible for relief under Fed. R. App. P. 4(a)(6)." *Id.* at 3; *see generally* Notice of Appeal. We agree.

---

[1] For whatever it's worth, we've reviewed Camille's submissions to the Eleventh Circuit—and they aren't helpful to him either, because he never actually tells the Eleventh Circuit *when* he first received notice. *See, e.g.*, Response to United States Court of Appeals Follow-Up Disposition at 1 ("Appellant requested for the court order which supposed to be lawfully signed and filed so that he can properly move forward with Judicial proceedings but received order after the fact on 11/08/2023 via court docket." (errors in original)). He's thus failed to carry his burden. *See McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002) (affirming the district court's denial of a motion to reopen the appeal period where the petitioner was given the "opportunity to carry his burden" as to when he received notice and "resolve any remaining factual uncertainties," but "failed to do so").

Camille might satisfy Rule 4(a)(6)'s first condition, *see* FED. R. APP. P. 4(a)(6) (requiring the movant to show that he didn't receive notice "within 21 days of entry" of the relevant order), because he claims that he "learned of" the Dismissal Order "through court dockets after the facts," Notice of Appeal at 1. And the Eleventh Circuit has said that "Camille's notice of appeal, liberally construed, asserts that he did not receive notice of the underlying [dismissal] order within 21 days." Limited Remand Order at 2 (first citing *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020); and then citing FED. R. APP. P. 4(a)(6)).

Still, Camille has waited too long to reopen his appeal. As we've said, Rule 4(a)(6) requires that a motion to reopen be filed "within 180 days after the judgment or order is entered *or within 14 days after the moving party receives notice u*nder Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*[.]" FED. R. APP. P. 4(a)(6) (emphases added). Our Dismissal Order was "deemed entered on April 8, 2024." Limited Remand Order at 2. We, after all, never set out a separate document for judgment, and "150 days ha[d] run from the entry in the civil docket." FED. R. CIV. P. 58(c)(2); *see generally* Docket (showing that our November 7, 2023, Dismissal Order was entered one day later, on November 8, 2023, making April 8, 2024, the date upon which "150 days ha[d] run from the entry in the civil docket"). Camille filed his motion to reopen his appeal of the Dismissal Order on September 17, 2024, which is admittedly within 180 days of April 8, 2024, but is more than three months after June 11, 2024, by which there's no question he'd received notice of our Dismissal Order. Since fourteen days after Camille unquestionably received notice of our Dismissal Order falls on June 25, 2024—and because June 25, 2024 is "earlier" than October 7, 2024 (which was 180 days after judgment was deemed entered)—Camille's motion to reopen (and, consequently, his appeal) is untimely.[2]

---

[2] 180 days after judgment was entered falls on October 5, 2024, a Saturday. So, we extend the deadline under our Rules to the next business day, Monday, October 7, 2024. *See* FED. R. CIV. P. 6(a)(1)(C) ("When the period [to be computed] is stated in days . . . include the last day of the period, but if the

4

Here's the sequence of events. After November 7, 2023, Camille filed a series of documents as if the case were still open, including a response to the notice of removal on March 1, 2024, and a motion for referral to a volunteer attorney program on March 25, 2024. *See generally* Response to Notice of Removal [ECF No. 10]; Motion for Referral to Volunteer Attorney Program [ECF No. 11].[3] These filings support Camille's argument that he was, *at that time*, unaware that his case had been dismissed. But, on March 26, 2024, we denied Camille's Motion for Referral to Volunteer Attorney Program as moot because (we explained) his case had already been dismissed. In that order, we specifically noted that, "[o]n November 7, 2023, we dismissed this case without prejudice because of the Plaintiff's noncompliance with a court order." Paperless Order Denying as Moot the Plaintiff's Motion for Referral to Volunteer Attorney Program (the "Paperless Order") [ECF No. 12] (citing the Dismissal Order).[4] We mailed that order, like the Dismissal Order, to the address Camille listed for himself on the docket: "1340 NW 121 St[,] North Miami, FL 33167[.]" Notice of Electronic Filing for Dismissal Order [ECF No. 9]; Notice of Electronic Filing for Paperless Order. In other words, if Camille wasn't already on notice of our Dismissal Order in the days after November 7, 2023, he certainly knew about it when he got this Paperless Order in late March or early April 2024. *Cf. McDaniel v. Moore*, 292 F.3d 1304, 1306–07 (11th Cir. 2002) ("The plain language of the rule [Rule 4(a)(6)] requires only 'notice of the entry,' not a copy of the order itself."); *see also id.* at 1306 ("McDaniel's counsel concedes that he is aware of no case in which a court has held that a copy of the judgment or order is required to start the clock under Rule 4(a)(6).").

---

last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[3] Camille's many filings at the relevant time, however, also suggest that he had access to the docket and orders in the case.

[4] The Paperless Order included a link to the Dismissal Order itself. This link would've been accessible to Camille had he accessed the docket online. But, even if Camille never accessed the docket online, he was still on notice of our Dismissal Order because the Paperless Order we sent to his physical address specifically referenced and described it. *Cf. McDaniel*, 292 F.3d at 1306–07 ("The plain language of [Rule 4(a)(6)] requires only 'notice of the entry,' not a copy of the order itself.").

But even if Camille had to receive *an actual copy* of the Dismissal Order (which just isn't the rule), *see id.* at 1306–07, Camille was certainly on notice by June 11, 2024, when he filed a Response to our Order Dismissing/Closing Case and *attached the very Dismissal Order itself. See generally* Response to Order Dismissing/Closing Case [ECF No. 14].[5] Under Rule 4(a)(6), he then had fourteen days (or until June 25, 2024) to file any motion to reopen. Unfortunately, his motion to reopen (styled as his Notice of Appeal) was "deemed filed on September 17, 2024," Limited Remand Order at 2, which is way more than fourteen days after June 11, 2024. Because Camille thus fails to meet one of the three conditions laid out in Federal Rule of Appellate Procedure 4(a)(6), we cannot reopen his appeal.

But here's the thing: Even if Camille had met all three of Rule 4's conditions, we'd still exercise our discretion and deny his request. *See Watkins*, 733 F. App'x at 995 ("Even if all three prongs are met, however, a district court may, in its discretion, deny a motion to reopen." (citing FED. R. APP. P. 4(a)(6)). That's because we've already advised Camille of his obligation to "promptly notify the Court of any change in address by filing a 'Notice of Change of Address,' which also must be served on opposing counsel." Order Providing Instructions to *Pro Se* Litigants [ECF No. 4] (citing S.D. FLA. L.R. 11.1(g) ("A party appearing *pro se* shall conventionally file a Notice of Current Address with updated contact information within seven (7) days of a change. The failure to comply shall not

---

[5] Accepting that Camille wasn't on notice before June 11, 2024, the Respondent points out that Camille's Response to our Order Dismissing/Closing Case attached "a copy of the Court's Order Dismissing Case as Exhibit A." Response at 3. And we note that all Camille's Response to Order Dismissing/Closing Case contains (in addition to our Dismissal Order) is an earlier email chain between Camille and opposing counsel, discussing a separate order, in which we directed him to file a Joint Scheduling Report—an order Camille ultimately ignored. *See generally* Response to Order Dismissing/Closing Case. In that email chain, Camille circled supposedly important dates, such as his November 2, 2023, email acknowledging the need to file the Joint Scheduling Report. *See ibid.* at 2 ("I'm not sure if I received the court order pertaining to the subject matter, however, if you can send me a copy, I would appreciate it, whiles I am anxious to have my name exonerated , unfortunately, as far as the Joint Scheduling Report meeting, i'm not available at the moment to discuss until 11/10/2023, thereafter, we can schedule accordingly. Please pardon the delay." (errors in original)). Camille seems to intend this email chain to show that he failed to receive notice of our orders. But, if anything, this email chain is further evidence that Camille was aware of (and receiving) notices of filings on the docket, *even before* we dismissed his case.

constitute grounds for relief from deadlines imposed by Rule or by the Court. All Court Orders and Notices will be deemed to be appropriately served if directed either electronically or by conventional mail consistent with information on file with the Clerk of Court.")). And "a valid local rule has the force of law." *Cheshire v. Bank of Am., NA*, 351 F. App'x 386, 388 (11th Cir. 2009) (citing *Weil v. Neary*, 278 U.S. 160, 169 (1929)); *see also Taveras v. Fla. Dep't of Transp.*, 2024 WL 3949789, at *1 (S.D. Fla. June 25, 2024) (Goodman, Mag. J.) ("[C]ompliance with the Local Rules is mandatory.").

Despite our prior warnings, Camille, as the Respondent points out, "has failed to file any notice of change of address[.]" Response at 4.[6] We already noted in our Order to Show Cause that Camille listed his current address (on an envelope he attached to his Notice of Appeal) as "3701 Jackson St. #406[,] Hollywood, FL 33021[.]" Order to Show Cause at 2. This is different from Camille's address on the docket, which is where the Dismissal Order (and our paperless reminder of his dismissal) were mailed. *See* Notice of Electronic Filing for Dismissal Order (mailing to "1340 NW 121 St[.] North Miami, FL 33167"); *see also* Notice of Electronic Filing for Paperless Order (same). This is, standing alone, sufficient for us to deny Camille's motion to reopen. *See Bazemore v. United States*, 292 F. App'x 873, 875 (11th Cir. 2008) ("Petitioner had not officially notified the court of his change of address. . . . This fact alone is a sufficient basis for denying Petitioner's motion to reopen."); *Odukoya*, 181 F. App'x at 919 (affirming denial of Rule 4(a)(6) motion where the petitioner's "failure to keep the district court informed of his location caused a delay in his receipt of the judgment"); *Pierre v. United States*, 2023 WL 8720019, at *2 (11th Cir. Dec. 18, 2023) (affirming our denial of a Rule 4(a)(6) motion where the petitioner "failed to file the change of address form required by the Southern

---

[6] Camille has also failed to "supply the Court with his email address and telephone number to facilitate communication and timely receipt of Court orders"—again, in contravention of our *pro se* order. Response at 4; *see also* Order Providing Instructions to *Pro Se* Litigants (same). Instead, he's listed this information in *other* filings. *See, e.g.*, Response to Notice of Removal (listing Camille's email address). But, if Camille wants to receive notifications by email, he must file a Consent by *Pro Se* Litigant (Non-Prisoner) to Receive Notices of Electronic Filing form—which he has never done.

District of Florida's local rules"); *see also* Dismissal Order, *Pierre v. United States*, No. 17-cv-23159 (S.D. Fla. Mar. 22, 2023) (Altman, J), ECF No. 39 at 2 ("In short, Pierre didn't receive timely notice of our November 2, 2022 Order because he never told us that he'd been moved from Elkton to Ashland nearly a month earlier. In these circumstances, Pierre isn't entitled to relief under Rule 4(a)(6)."); *Garcia v. Nienhuis*, 2023 WL 3320002, at *2–3 (M.D. Fla. May 9, 2023) (Barber, J.) (declining to reopen appeal period under Rule 4(a)(6) because the movant's "fail[ure] to notify the [c]ourt of his change in address" meant he was "to blame for his failure to receive timely notice of the dismissal order"); *Clayton v. United States*, 2020 WL 3428035, at *3–4 (M.D. Fla. June 23, 2020) (Howard, J.) (same). Camille has therefore failed to meet his burden to prove "delayed" or "non-receipt" of notice. *See McDaniel*, 292 F.3d at 1307 (noting that the burden "is on the party seeking to reopen the time for appeal under Rule 4(a)(6)").

## CONCLUSION

After careful review, then, we hereby **ORDER and ADJUDGE** that Camille's request to reopen the appeal period under FED. R. APP. P. 4(a)(6)—as construed from his Notice of Appeal [ECF No. 16]—is **DENIED**. The Clerk is directed to forward a copy of this Order to the U.S. Court of Appeals for the Eleventh Circuit for docketing in **Case No. 24-13055-G**.

**DONE AND ORDERED** in the Southern District of Florida on May 22, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Amos Camille, *pro se*

      counsel of record

      Eleventh Circuit Clerk's Office
      56 Forsyth Street, NW
      Atlanta, GA 30303